## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE TALIAFERRO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, | ) | |
| | ) | **Jury Trial Requested** |
| Defendant. | ) | |

### COMPLAINT

NOW COMES Plaintiff, MICHELE TALIAFERRO, by and through her counsel, Lisa Kane

of Lisa Kane & Associates, and complaining of Defendant, THE HOME DEPOT, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for the violation of rights guaranteed to Plaintiff by

42 U.S.C. § 1981.  Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's

unlawful employment practices.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection of and to redress deprivations of rights secured by 42 U.S.C.

§ 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.      Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

### PARTIES

4.      Plaintiff, MICHELE TALIAFERRO, (hereinafter "Plaintiff"), is an African

1

American female who resides in Chicago, Illinois.

5.    Defendant, THE HOME DEPOT, (hereinafter "Defendant"), is a foreign corporation which has at all times relevant hereto, conducted, and continues to conduct, business in the State of Illinois. Defendant has continuously, and does now employ more than fifteen (15) employees. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 1981.

**COUNT I**
**42 U.S.C. 1981**
**RACIAL HARASSMENT**

6.    Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7.    Plaintiff began her employment with Defendant in September 2011 as a Flooring Specialist. Plaintiff's current position as an employee of Defendant is Associate Support Supervisor at Defendant's store located at 1919 N. Cicero Avenue in Chicago, Illinois.

8.    At all times material hereto, Plaintiff performed to Defendant's reasonable satisfaction, as evidenced by the longevity of Plaintiff's employment and her promotion to Associate Support Supervisor, and any assertion to the contrary is pretextual in nature.

9.    Defendant's Store Manager, Leonardo Pena, became Plaintiff's direct supervisor in May of 2015.

10.    Plaintiff has been subjected to relentless and persistent unwelcome sexual advances and demands from Defendant's male, Hispanic Store Manager, Leonardo Pena.

11.    In addition to sexually harassing Plaintiff, Defendant's Hispanic Store Manager, Leonardo Pena, made numerous offensive racial comments, including, without limitation:

- "I am a nigger, too;"

- "Your black ass ain't going nowhere, you're here for me;"

- "Claudia doesn't like black people," referring to Defendant's Hispanic Assistant Store Manager; and

- "Claudia put her daughter out when she found out she was dating a black man;" and

- "Don't let me catch your black ass flirting."

12. Leonardo Pena, Defendant's Store Manager, conveyed to Plaintiff that he was sexually obsessed with Plaintiff because of Plaintiff's race, African American.

13. Defendant's Store Manager, Leonardo Pena, subjected Plaintiff to a relentless course of abusive, demeaning and degrading sexual harassment. Such degrading, racially tinged sexual harassment includes, without limitation, the following text messages:

- "I want you to sit on me;"

- "Can you spread your ass cheeks as you lower yourself down on it?";

- "It would only hurt going in the first time," referencing sexually penetrating Plaintiff;

- "I can imagine you holding it and stroking it slowly," referencing Pena's penis;

- "I want to try and see how it feels" referencing having sexual intercourse with Plaintiff;

- "I'm coming in there with it out" and an emoji of an eggplant, blatantly referencing Pena's penis;

- "I had a lot of dreams of you last night..very nasty," referencing sexual fantasies;

- "I get all hot when you get around;"

- "I didn't even get a hug and feel up;"

- "You are SO FREAKIN SEXY!!!;"

- "You have me excited right now;"

- "Would have been an awesome morning if someone was laying next to me!!! I had morning wood," referencing having sexual intercourse with Plaintiff;

- "If you leave to LA your going to have to let me have some before you go," referencing sexual intercourse with Plaintiff; and

- asking Plaintiff whether she is "naked."

14. Plaintiff continuously rebuffed and repelled the offensive, unwelcome sexual advances of her Hispanic supervisor, Defendant's Store Manager, Leonardo Pena, to no avail.

15. On August 24, 2017, Leonardo Pena, Defendant's Hispanic Store Manager, sent Plaintiff a lewd text message of himself holding his penis.

16. Thereafter, on September 6, 2017, Defendant's Hispanic Store Manager, Leonardo Pena, barged into Plaintiff's office, announcing, "I have a surprise for you!" and shutting the door.

17. To Plaintiff's complete dismay, Leonardo Pena, Defendant's Hispanic Store Manager, lifted his apron and lasciviously exposed his penis.

18. Plaintiff was horrified and immediately turned away, again pleading with Defendant's Hispanic Store Manager, Leonardo Pena, to cease his unwanted, degrading sexual advances towards Plaintiff, to no avail.

19. Following the September 6, 2017, incident, Plaintiff increased her resistance to the sexual advances of Defendant's Hispanic Store Manager, Leonardo Pena, and scrupulously attempted to avoid Pena at work.

20. Further, Defendant's Hispanic Store Manager, Leonardo Pena, routinely orders Plaintiff to come into his office, where Pena explicitly describes the salacious sexual fantasies he has of Plaintiff.

21. Plaintiff consistently rebuffs the demoralizing and depraved racially tinged sexual harassment of her supervisor, Defendant's Store Manager, Leonardo Pena, to no avail.

22. As Defendant's Store Manager, Leonardo Pena, possessed the authority to discipline and terminate Plaintiff's employment with Defendant.

23. Notably, Defendant does not maintain a Human Resources representative on-site at the store location where Plaintiff works.

24. Rather, Plaintiff, in her position as Associate Support Supervisor for Defendant, is tasked with receiving employee complaints. As such, the only individual to whom Plaintiff could voice a complaint regarding the debasing sexual harassment Plaintiff suffered at the hands of Defendant's Store Manager, would be to Plaintiff herself or Leonardo Pena, the perpetrator of the abusive racially tinged sexual harassment.

25. Accordingly, Plaintiff has no recourse available to remedy the atrocious sexual harassment she endures at the hands of Defendant's Store Manager, Leonardo Pena.

26. In a further effort to escape the lewd sexual advances and demeaning racial harassment of Defendant's Store Manager, Leonardo Pena, Plaintiff applied for several promotions with Defendant, to no avail.

27. In June of 2017, Plaintiff escalated her attempt to avoid Defendant's Store Manager, Leonardo Pena, by Plaintiff applying for a promotion to Branch Marketing Manager with Defendant.

28. Lance Kesselring, Defendant's Defendant's Territory Sales Manager for the Midwest

region, interviewed Plaintiff for the promotion to Branch Marketing Manager.

29. At the close of Plaintiff's interview with Lance Kesselring, Defendant's Territory Sales Manager for the Midwest region, Plaintiff was informed, "the only thing I have to do is speak with your store manager about releasing you."

30. As Defendant's Store Manager, Leonardo Pena, possesses the authority to discipline and terminate Plaintiff's employment with Defendant. Further, in his position as Defendant's Store Manager, Pena possesses the authority to deny Plaintiff's applications for transfers and promotions.

31. Shortly thereafter, Defendant's Store Manager, Leonardo Pena, began making veiled threats regarding Plaintiff's promotion, including but not limited to the following comments:

- "Your black ass ain't going nowhere;"

- "I don't want you to leave;"

- "Let me know if you need anything or if you just need me;" and

- I can't imagine coming to work and you not being here."

32. Plaintiff followed up several times with her interviewer regarding the promotion to Branch Marketing Manager, and was ultimately informed that the position was filled.

33. Subsequently, in August of 2017, Plaintiff applied for a promotion to the position of Install Service Manager with Defendant. Again, Plaintiff was interviewed for the position.

34. At the end of the August 2017 interview for the Install Service Manager position, Kevin, the interviewer, requested that Plaintiff provide him the contact information for Plaintiff's Store Manager, Leonardo Pena. Accordingly, Plaintiff provided Pena's contact information.

35. Despite a very successful interview, Plaintiff did not receive the promotion to the position of Install Service Manager.

36. Defendant's Store Manager, Leonardo Pena, routinely calls Plaintiff on the telephone when Plaintiff is off the clock to continue his racially tinged sexual harassment of Plaintiff.

37. To date, Leonardo Pena, Defendant's Store Manager, continues his racially tinged sexual harassment of Plaintiff, his subordinate employee, unabated.

38. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, African American, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

39. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and severe emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHELE TALIAFERRO, prays for judgment against Defendant and respectfully requests that this Honorable Court:

A. Declare the conduct of Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, form engaging in any employment practice that unlawfully discriminates on the basis of race;

C. Order Defendant to make whole MICHELE TALIAFERRO, by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to MICHELE

7

TALIAFERRO;

E.     Grant Plaintiff the consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

F.     Grant Plaintiff her attorneys' fees, costs, and disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

40.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

By: s/ Lisa Kane
Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
lisakane@sbcglobal.net
Attorney Code No. 06203093

## VERIFICATION

I, MICHELE TALIAFERRO, declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23 , 2017

_____
MICHELE TALIAFERRO